**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREA LEE,

Plaintiff,

v.

Case No. 23-cv-12855
Hon. Jonathan J.C. Grey

FLINT COMMUNITY SCHOOL, et al.,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE THIRTY DAYS (ECF No. 30)**

## I. INTRODUCTION

On July 16, 2026, Plaintiff Andrea Lee moved to extend the discovery deadline and related case-management dates by 30 days. (ECF No. 30.) The motion is fully briefed. (ECF Nos. 31–32.) The Court finds that oral argument will not aid in its disposition of the motions; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the motion to extend discovery is **GRANTED**.

## II. BACKGROUND

On November 9, 2023, Lee filed this civil rights lawsuit against her former employer Defendant Flint Community Schools and Defendants

Shamarion Grace, Pamela Lawrence, and Scott Henwood, alleging violations of the Rehabilitation Act, Americans with Disabilities Act, First Amendment, Persons with Disabilities Civil Rights Act, as well as a wrongful discharge claim. (ECF No. 1.)

There have been several discovery extensions in this case to date. On March 21, 2025, the Court entered its initial scheduling order establishing, inter alia, an initial fact discovery deadline of October 30, 2025. (ECF No. 21.) In November 2025, the parties adjourned mediation because they agreed they would benefit from additional discovery. (ECF No. 30, PageID.297; *see also* ECF No. 26, PageID.282.) On December 16, 2025, the parties filed their first stipulated motion to adjourn the scheduling order dates to accommodate the holiday schedule and allow time to conduct key discovery and undergo mediation. (ECF No. 26.) Shortly thereafter, on December 18, 2025, the Court entered an order granting the stipulated motion and extending the discovery deadlines. (ECF No. 27.) The order adjourned the fact discovery deadline to February 16, 2026. (*Id.*)

As the February deadline approached, the parties once again stipulated to an extension to "get the case back on track for mediation"

(ECF No. 30, PageID.298) and to "schedul[e] necessary depositions to posture this matter for potential effective resolution discussions." (ECF No. 28, PageID.289.) The Court entered a stipulated order extending the discovery deadline a second time—to April 17, 2026.

In April 2026, the parties agreed to extend discovery by an additional 90 days as they tried to secure a mediation date. (ECF No. 29.) Specifically, the parties represented that they "have sought to attend mediation in an effort to resolve this matter, and will need additional time to conduct discovery in the event that mediation is not successful." (ECF No. 29.) On April 30, 2026, the Court entered a stipulated order adjourning the scheduling order dates a third time, extending discovery to July 16, 2026, and dispositive motions to August 13, 2026. (*Id.*)

Mediation occurred on July 15, 2026, but the matter did not resolve. (ECF No. 30, PageID.298; ECF No. 31, PageID.321.) The following morning—and on the date of the discovery deadline—Lee filed the instant motion. (ECF No. 30.) Lee only seeks the depositions of Henwood and Lawrence. (*Id.*)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted); *see also In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (collecting cases). In addition to the good cause requirement, the Court also must evaluate prejudice to the opponent before modifying the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906, 909 (6th Cir. 2003) (citations omitted).

## IV. ANALYSIS

The Court finds that Rule 16(b)'s good cause requirement is satisfied here. Lee argues that defendants' position "would unfairly convert the parties' mediation-focused delay into a dispositive motion advantage." (ECF No. 30, PageID.299.) Lee further contends that defendants "should not be permitted to use mediation as a reason to defer depositions and then, when mediation fails, immediately declare

discovery complete and proceed to summary judgment before [Lee] obtains the testimony necessary to respond." (*Id.*) Defendants respond that nothing prevented Lee from taking the depositions she now seeks or at least requesting deposition dates from defendants, especially given the prior extensions—thus, Lee failed to diligently pursue discovery. (*See* ECF No. 31.)

While the Court agrees that Lee had ample time to conduct the depositions she now seeks—and indeed should have—the parties characterize the prior extensions differently. Lee contends that defendants used "mediation as a reason to defer depositions." (ECF No. 30, PageID.299.) The Court does not know the nature of the parties' private discussions, but the language of the Court's last stipulated order adjourning scheduling order dates was indeed vague. The parties specifically stated that they "have sought to attend mediation in an effort to resolve this matter, and *will need additional time to conduct discovery in the event that mediation is not successful*." (ECF No. 29.) In light of this ambiguity and uncertainty, the Court is reluctant to penalize Lee for failing to obtain critical depositions of named defendants during the period the parties were focused on mediation, especially given that

defendants were on notice that additional discovery would be needed if mediation was unsuccessful.

The Court also concludes that any prejudice to defendants is minimal. First, Lee filed the motion to extend discovery on the cut-off deadline and the morning after mediation failed. This is not a situation where Lee seeks to extend discovery long after the deadline, and the additional depositions sought do not change the character of the litigation in any manner. Second, defendants were almost certainly on notice that Lee would seek to depose these individuals given that they are named defendants—the Court agrees that defendants cannot convincingly "claim unfair surprise." (ECF No. 32, PageID.328.) And third, even though defendants were preparing and have since filed a dispositive motion (*see* ECF No. 33), defendants may file an amended motion for summary judgment at little additional cost.

Accordingly, the Court **GRANTS** Lee's motion to extend discovery.

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Lee's motion to extend discovery (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that fact discovery is **EXTENDED** for 30 days and due on or before **September 14, 2026**, for the limited purpose of allowing Lee to depose Henwood and Lawrence.

**IT IS FURTHER ORDERED** that the dispositive-motion deadline is adjourned to **October 14, 2026**.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: August 14, 2026

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager